**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
 *dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (Bar No. 319508)
 *msincich@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LEE; and PATRICIA LEE, | Case No. 8:20-cv-01359 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983) |
| CITY OF ORANGE; and DOES 1-10, inclusive, | 2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983) |
| Defendants. | 3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983) |
| | 4. Fourteenth Amendment—Interference with Familial Relations (42 U.S.C. § 1983) |
| | 5. Municipal Liability—Ratification (42 U.S.C. § 1983) |
| | 6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983) |
| | 7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) |
| | 8. False Arrest/False Imprisonment |
| | 9. Battery (Wrongful Death) |
| | 10. Negligence (Wrongful Death) |
| | 11. Negligent Infliction of Emotional Distress |
| | 12. Violation of Cal. Civil Code § 52.1 |
| | **DEMAND FOR JURY TRIAL** |

1    **COMPLAINT FOR DAMAGES**

2          COME NOW, Plaintiffs HENRY LEE, father of Decedent ERIK LEE; and

3    PATRICIA LEE, mother of Decedent ERIK LEE, for their Complaint against

4    Defendants CITY OF ORANGE, and City of Orange Police Department Officers,

5    DOES 1-10, inclusive, and allege as follows:

6

7          **JURISDICTION AND VENUE**

8          1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

9    1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United

10   States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the

11   United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs'

12   claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims

13   are so related to the federal claims that they form part of the same case or controversy

14   under Article III of the United States Constitution.

15         2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because

16   Defendants reside in this district and all incidents, events, and occurrences giving rise

17   to this action occurred in this district.

18

19         **INTRODUCTION**

20         3.      This civil rights and state tort action seeks compensatory and punitive

21   damages from Defendants for violating various rights under the United States

22   Constitution and state law in connection with the fatal officer-involved shooting of

23   ERIK LEE, on December 12, 2019.

24

25         **PARTIES**

26         4.      At all relevant times, Decedent ERIK LEE was an individual residing in

27   the County of Orange, California.

28

5.      At all relevant times, Plaintiff HENRY LEE was an individual residing in the County of Orange, California and is the natural father of ERIK LEE.  HENRY LEE sues in his individual capacity as the father of ERIK LEE, and as an individual separately for damages.  HENRY LEE seeks wrongful death and survival damages under federal and state law, and tort damages pursuant to negligent infliction of emotional distress.

6.      At all relevant times, Plaintiff PATRICIA LEE was an individual residing in the County of Orange, California and is the natural mother of ERIK LEE.  PATRICIA LEE sues in her individual capacity as the mother of ERIK LEE.  PATRICIA LEE seeks wrongful death and survival damages under federal and state law.

7.      At all relevant times, Defendant CITY OF ORANGE ("ORANGE") is and was a municipal corporation existing under the laws of the State of California.  ORANGE is a chartered subdivision of the State of California with the capacity to be sued.  ORANGE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the ORANGE Police Department ("OPD") and its agents and employees.  At all relevant times, Defendant ORANGE was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the OPD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, ORANGE was the employer of Defendants DOES 1-10.

8.      Defendants DOES 1-7 ("DOE OFFICERS") are police officers for the OPD, including but not limited to patrol officers, crisis negotiations officers, corporals, sergeants, field training officers, and other officers.  DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the OPD.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendants ORANGE.

9.     Defendants DOES 8-10 ("DOE SUPERVISORS") are supervisory officers for the OPD who were acting under color of law within the course and scope of their duties as officers for the OPD.  DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant ORANGE.

10.     Defendants DOE SUPERVISORS are managerial, supervisorial, and policymaking employees of the OPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the OPD.  DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant ORANGE.

11.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

12.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

13.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

14.     DOES 1-10 are sued in their individual capacity, and punitive damages are only being requested as to these Defendants, and not ORANGE.

15.    On or about April 23, 2020, Plaintiff served a comprehensive and timely claim for damages with ORANGE pursuant to applicable sections of the California Government Code.

16.    On June 10, 2020, City Council for ORANGE served their notice of claim rejection.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.    On December 12, 2019, at approximately 11:30 a.m., PATRICIA LEE called City of Orange Police Department ("OPD") for assistance in getting her mentally ill son, Decedent ERIK LEE, to the hospital for medical attention.

19.    The Defendants OPD officers responded to the 6900 block of Magdalena Drive, in the City of Orange.

20.    The OPD Officers did not have probable cause to arrest ERIK LEE and did not have reasonable suspicion to believe that ERIK LEE committed a crime, and ERIK LEE had not committed any crimes.

21.    This was a help call for a medical crisis.  Nevertheless, the OPD Officers shot and killed ERIK LEE.

22.    ERIK LEE did not pose an immediate threat of death or serious bodily injury to any person at the time the OPD Officers shot him.

23.    After the shooting, the OPD Officers failed to provide or delayed medical treatment for ERIK LEE.

24.    HENRY LEE, ERIK LEE'S father, witnessed the OPD officers shooting ERIK LEE.

25.    HENRY LEE suffered severe emotional distress as a result of witnessing the OPD officers shooting and killing his son.

26.     Throughout the incident, the Defendant OPD officers displayed negligent tactics, prior to, during, and after the use of deadly force, including, but not limited to their: positioning, planning, communication, commands, lack of warning, timing, distance, threat assessment, use of force, escalating the situation, failing to de-escalate the situation on a call for help with a person experiencing a mental crisis, and summoning of medical care.

27.     Further, the OPD Officers' actions and inactions were unreasonable and in violation of officer training.

28.     As a direct and proximate result of DOE OFFICERS' actions, omissions and misjudgments, including their use of excessive and unreasonable force, ERIK LEE was caused to suffer great physical and mental pain and suffering, loss of enjoyment of life, and loss of life.

29.     The use of deadly force against ERIK LEE was excessive and objectively unreasonable under the circumstances, especially because ERIK LEE did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given that deadly force was going to be used.

30.     ERIK LEE had no children.  HENRY LEE and PATRICIA LEE are ERIK LEE'S successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to ERIK LEE'S interest in this action as the natural father and mother of ERIK LEE.

# FIRST CLAIM FOR RELIEF

## Fourth Amendment—

## Detention and Arrest (42 U.S.C. § 1983)

(All Plaintiffs against Defendants DOE OFFICERS)

31.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32.     Defendants DOE OFFICERS detained ERIK LEE without reasonable suspicion and arrested him without probable cause.

33.     When Defendants DOE OFFICERS used force against ERIK LEE, pointed lethal guns at ERIK LEE, and shot ERIK LEE, they violated ERIK LEE'S right to be secure in his person against unreasonable searches and seizures as guaranteed to ERIK LEE under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  Further, the scope and manner of the detention was unreasonable.

34.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ERIK LEE and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

35.     As a result of their misconduct, Defendants DOE OFFICERS are liable for ERIK LEE'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

36.     Plaintiffs bring this claim as successors-in-interest to ERIK LEE, and seek survival damages for the violation of ERIK LEE'S rights.  Plaintiffs also seek reasonable attorneys' fees and costs.

## **SECOND CLAIM FOR RELIEF**

### **Fourth Amendment —**

### **Excessive Force (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants DOE OFFICERS)

37.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.     Defendants DOE OFFICERS used excessive force against ERIK LEE when they fired multiple lethal force rounds, striking ERIK LEE.  Defendants DOE OFFICERS' unjustified shooting and other uses of force, deprived ERIK LEE of his right to be secure in his person against unreasonable searches and seizures as guaranteed to ERIK LEE under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.     Defendants DOE OFFICERS violated ERIK LEE'S Fourth Amendment rights when they used excessive and unreasonable force against ERIK LEE, firing several lethal rounds at him, when ERIK LEE was not an immediate threat of death or serious bodily injury at the time, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given prior to the shots that deadly force would be used.  The force used against ERIK LEE is also excessive in light of ERIK LEE suffering from a mental illness, and the Defendants DOE OFFICERS were responding to a call for help for a person experiencing a mental crisis.

40.     As a result of the foregoing, ERIK LEE suffered great physical and mental pain and suffering up to the time of his death, loss of enjoyment of life, and loss of life.

41.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ERIK LEE,

1   and therefore warrants the imposition of exemplary and punitive damages as to

2   Defendants DOE OFFICERS.

3        42.    The shooting was excessive and unreasonable, especially because ERIK

4   LEE posed no immediate threat of death or serious bodily injury at the time of the

5   shooting.  Further, Defendants DOE OFFICERS' shooting and use of force violated

6   their training and standard police officer training, there were other reasonable

7   alternatives, and no verbal warning was given.

8        43.    As a result of their misconduct, Defendants DOE OFFICERS are liable

9   for ERIK LEE'S injuries, either because they were integral participants in the

10   wrongful detention and arrest or use of excessive force, or because they failed to

11   intervene to prevent these violations.

12        44.    Plaintiffs bring this claim as successors-in-interest to the ERIK LEE, and

13   seek survival damages, including pre-death pain and suffering, loss of life, and loss of

14   enjoyment of life, for the violation of ERIK LEE'S rights.  Plaintiffs also seek

15   reasonable attorneys' fees and costs.

16

17   **THIRD CLAIM FOR RELIEF**

18   **Fourth Amendment —**

19   **Denial of Medical Care (42 U.S.C. § 1983)**

20   (All Plaintiffs against Defendants DOE OFFICERS)

21        45.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

22   through 44 of this Complaint with the same force and effect as if fully set forth

23   herein.

24        46.    The denial of medical care by Defendants DOE OFFICERS deprived

25   ERIK LEE of his right to be secure in his person against unreasonable searches and

26   seizures as guaranteed to ERIK LEE under the Fourth Amendment to the United

27   States Constitution and applied to state actors by the Fourteenth Amendment.

28

47.     Defendants DOE OFFICERS failed to provide and call for timely medical care for ERIK LEE after they used deadly force against ERIK LEE.

48.     As a result of the foregoing, ERIK LEE suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, and loss of life.

49.     Defendants DOE OFFICERS knew that failure to provide timely medical treatment to ERIK LEE could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing ERIK LEE great bodily harm and death.

50.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ERIK LEE and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

51.     As a result of their misconduct, Defendants DOE OFFICERS are liable for ERIK LEE'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

52.     Plaintiffs bring this claim as successors-in-interest to ERIK LEE, and seek survival damages for the violation of ERIK LEE'S rights.  Plaintiffs also seek reasonable attorneys' fees and costs.

## **FOURTH CLAIM FOR RELIEF**

### **Substantive Due Process (42 U.S.C. § 1983)**

(By All Plaintiffs against Defendants DOE OFFICERS)

53.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     The Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.

55.     When the involved OPD Officers arrived they shot ERIK LEE multiple times, causing his death.  The Defendant OPD Officers failed to give ERIK LEE a verbal warning before they used deadly force against him and took his life.  ERIK LEE was not an immediate threat of death or serious bodily injury to anyone at the time of the shooting.  Further, the Defendant OPD Officers had no information that anyone had been injured, but knew or should have known that ERIK LEE suffered from a mental illness and was experiencing a mental crisis at the time.  The use of force by the Defendant OPD Officers, without any warning, under these circumstances was unreasonable, excessive, exhibited a deliberate indifference to and reckless disregard for ERIK LEE'S and Plaintiffs' rights, and displayed a purpose to harm ERIK LEE unrelated to a legitimate law enforcement objective – especially because ERIK LEE had a mental illness.  In so doing, The Defendant OPD Officers' conduct constitutes a violation of Plaintiffs' and ERIK LEE'S Fourteenth Amendment Substantive Due Process right to be free from unlawful state interference with their familial relationship with their son and beloved family member.

56.     The Defendant OPD Officers' conduct shocks the conscience and was in deliberate indifference to the rights of ERIK LEE and Plaintiffs.  Further, the Defendant OPD Officers acted with purpose to harm unrelated to a legitimate law enforcement objective.

57.     The Defendant OPD Officers' conduct was malicious, oppressive and in reckless disregard for the rights and safety of ERIK LEE and Plaintiffs and warrants the imposition of exemplary and punitive damages as to the Defendant OPD Officers.

58.     As a direct result of the death of ERIK LEE, Plaintiffs have suffered the loss of ERIK LEE'S love, care, comfort, society, companionship, assistance,

protection, affection, moral support, financial support, and loss of services of ERIK LEE.  Plaintiffs seek wrongful death damages under this claim.

59.     Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(All Plaintiffs against Defendants ORANGE and DOE SUPERVISORS)

60.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.     Defendants DOE OFFICERS acted under color of law.

62.     The acts of Defendants DOE OFFICERS deprived ERIK LEE and Plaintiffs of their particular rights under the United States Constitution.

63.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' acts and the bases for their actions.  Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

64.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE OFFICERS were "within policy," and have ratified multiple prior incidents of the use of excessive force, including excessive deadly force, excessive force used against persons in a mental crisis, and both lethal and less-lethal force used against the mentally ill.

65.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of ERIK LEE.  The aforementioned acts and omissions also caused ERIK LEE'S pain and suffering, loss of enjoyment of life, and death.

66.     Accordingly, Defendants ORANGE and DOES 8-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

67.     Plaintiffs bring this claim individually and as successors-in-interest to ERIK LEE, and seek survival damages.  Plaintiffs also seek reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(All Plaintiffs against Defendants ORANGE and DOE SUPERVISORS)

68.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69.     Defendants DOE OFFICERS acted under color of law.

70.     The acts of Defendants DOE OFFICERS deprived ERIK LEE and Plaintiffs of their particular rights under the United States Constitution.

71.     The training policies of Defendants ORANGE were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, the use of force, including deadly force, and dealing with situations in which a person is experiencing a mental crisis.

72.     Defendant ORANGE was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, including training with respect to tactics, the use of force, including deadly force, and dealing with situations in which a person is experiencing a mental crisis.

73.     The failure of Defendant ORANGE to provide adequate training caused the deprivation of ERIK LEE and Plaintiffs' rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of ERIK LEE'S and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

74.     On information and belief, Defendant ORANGE failed to train Defendants DOE OFFICERS properly and adequately, including training with respect to tactics, handling situations regarding mentally ill subjects, and the use of force, including deadly force, and the denial of medical care thereafter.

75.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of ERIK LEE.  The aforementioned acts and omissions also caused ERIK LEE'S pain and suffering, loss of enjoyment of life, and loss of life.

76.     Accordingly, Defendants ORANGE and DOES 8-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

77.     Plaintiffs bring this claim individually and as successors-in-interest to ERIK LEE, and seek survival damages.  Plaintiffs also seek reasonable attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants ORANGE and DOE SUPERVISORS)

78.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79.     Defendants DOE OFFICERS acted under color of law.

80.     Defendants DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant ORANGE.

81.     On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with ERIK LEE'S death.

1      82.    Defendants ORANGE, and DOE OFFICERS, together with other

2   ORANGE policymakers and supervisors, maintained, inter alia, the following

3   unconstitutional customs, practices, and policies:

4               (a)    Using excessive force, including excessive deadly force;

5               (b)    Providing inadequate training regarding the use of deadly force;

6               (c)    Employing and retaining as police officers individuals such as

7                      Defendants DOE OFFICERS, who Defendant ORANGE at all

8                      times material herein knew or reasonably should have known had

9                      dangerous propensities for abusing their authority and for using

10                      excessive force;

11               (d)    Inadequately supervising, training, controlling, assigning, and

12                      disciplining ORANGE officers, and other personnel, including

13                      Defendants DOE OFFICERS, who Defendant ORANGE knew or

14                      in the exercise of reasonable care should have known had the

15                      aforementioned propensities and character traits;

16               (e)    Maintaining grossly inadequate procedures for reporting,

17                      supervising, investigating, reviewing, disciplining and controlling

18                      misconduct by ORANGE officers, Defendants DOE OFFICERS;

19               (f)    Failing to adequately discipline ORANGE police officers,

20                      including Defendants DOE OFFICERS, for the above-referenced

21                      categories of misconduct, including "slaps on the wrist,"

22                      discipline that is so slight as to be out of proportion to the

23                      magnitude of the misconduct, and other inadequate discipline that

24                      is tantamount to encouraging misconduct;

25               (g)    Announcing that unjustified shootings are "within policy,"

26                      including shootings that were later determined in court to be

27                      unconstitutional;

28

(h)  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of mentally ill individuals;

(k)  Upon information and belief, ORANGE, including but not limited to OPD, have an unofficial policy, practice and/or custom of finding almost all—if not all—of its officer involved shootings to be within policy, of not disciplining its officers involved in shootings, or not retraining or firing officers involved in shootings, and of not recommending criminal charges against their officers involved in excessive and unreasonable officer-involved shootings. As a result, officers involved in excessive uses of deadly force are allowed back to patrol the streets even though ORANGE knew, or should have known, that these officers have a propensity for using excessive deadly force against the

1    citizens that the officers are supposed to protect and serve,

2    especially against minorities and the mentally ill;

3    (l)    Upon information and belief, as a result of ORANGE policy,

4    custom and/or practices, officers know that if they use deadly

5    excessive force against someone, they will not be disciplined and

6    their use of force will be found within policy, which results in a

7    significant number of ORANGE officers being involved in

8    numerous shootings.  This policy, custom and/or practice was

9    established by supervising and managerial employees of

10    ORANGE, specifically, those employees tasked with determining

11    whether officer-involved shootings fall within policy, those

12    employees responsible for disciplining, retraining, and firing

13    employees who use excessive force, and for those employees

14    responsible for making recommendations of criminal charges

15    being filed against officers who use excessive deadly force; and

16    (m)    Upon information and belief, this policy, custom and/or practice

17    long lasting and persistent, and existed well before ERIK LEE

18    was killed by the Defendant officers.  This policy, custom and/or

19    practice was established so that ORANGE officers do not bear the

20    responsibility for the people that they use excessive deadly force

21    against.  This policy, custom and/or practice exists so that the

22    public does not have such a negative perception of ORANGE and

23    its police department and so that ORANGE can avoid the

24    repercussions associated with its officers' use of excessive deadly

25    force against citizens, including negative publicity, avoiding

26    criminal prosecution and avoiding civil liability.  A significant

27    reason that this policy, custom and/or practice was established

28    was to avoid ORANGE being liable, under a theory of vicarious

liability, for the uses of excessive and unreasonable deadly force by its employees.  In other words, there is a large financial incentive for ORANGE to erroneously determine that most, if not all, of its officers' uses of deadly force are within policy.  If ORANGE, through its policymakers and supervisors, would admit that their officers were at fault for using excessive and unreasonable deadly force, then ORANGE is well aware of how much they would have to pay for any associated litigation.

83.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of ERIK LEE.  The aforementioned acts and omissions also caused ERIK LEE'S pain and suffering, loss of enjoyment of life, and death.

84.     Defendants ORANGE and DOES 8-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of ERIK LEE, Plaintiffs, and other individuals similarly situated.

85.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 8-10 acted with intentional, reckless, and callous disregard for the life of ERIK LEE and for ERIK LEE'S and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants ORANGE and DOES 8-10 were affirmatively linked to and were a significantly influential force behind the injuries of ERIK LEE and Plaintiffs.

86.     Accordingly, Defendants ORANGE and DOES 8-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

87.     Plaintiffs bring this claim individually and as successors-in-interest to ERIK LEE, and seek survival damages.  Plaintiffs also seek reasonable attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(All Plaintiffs against Defendants DOE OFFICERS, and ORANGE vicariously)

88.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89.     Defendants DOE OFFICERS, while working as officers for the OPD and acting within the course and scope of their duties, intentionally deprived ERIK LEE of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  Defendants DOE OFFICERS detained ERIK LEE without reasonable suspicion and arrested him without probable cause.

90.     ERIK LEE did not knowingly or voluntarily consent.

91.     Defendants DOE OFFICERS detained ERIK LEE for an appreciable amount of time.

92.     The conduct of Defendants DOE OFFICERS was a substantial factor in causing the harm to ERIK LEE.

93.     Defendant ORANGE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94.     The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of ERIK LEE, entitling Plaintiff to an award of exemplary and punitive damages.

95.     As a result of their misconduct, Defendants DOE OFFICERS are liable for ERIK LEE'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

96.     Plaintiffs bring this claim as successors-in-interest to ERIK LEE, and seek wrongful damages under this claim.

## NINTH CLAIM FOR RELIEF

### Battery (Wrongful Death)

(All Plaintiffs against Defendants DOE OFFICERS, and ORANGE vicariously)

97.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98.     Defendants DOE OFFICERS, while working as officers for the OPD, and acting within the course and scope of their duties, intentionally shot ERIK LEE multiple times and used unreasonable and excessive force against him.

99.     The use of deadly force against ERIK LEE by Defendants DOE OFFICERS was unreasonable because ERIK LEE did not pose an immediate threat of death or serious bodily harm to any person any the time, there were less lethal alternatives, no verbal warning was given, and the DOE OFFICERS were responding to a call for help for a person experiencing a mental crisis.

100.   As a result of the actions of Defendants DOE OFFICERS, ERIK LEE suffered severe pain and suffering and ultimately died from his injuries.  Defendants DOE OFFICERS had no legal justification for using force against ERIK LEE, and

1  their use of force while carrying out their duties as police officers was an
2  unreasonable and nonprivileged use of force.

3      101.   As a direct and proximate result of the conduct of Defendants DOE
4  OFFICERS as alleged above, ERIK LEE sustained injuries and damages, and died as
5  a result of his injuries.

6      102.   ORANGE is vicariously liable for the wrongful acts of Defendants DOE
7  OFFICERS pursuant to section 815.2(a) of the California Government Code, which
8  provides that a public entity is liable for the injuries caused by its employees within
9  the scope of the employment if the employee's act would subject him or her to
10 liability.

11     103.   The conduct of Defendants DOE OFFICERS was malicious, wanton,
12 oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs
13 and ERIK LEE, entitling Plaintiffs, individually and as successors-in-interest to
14 ERIK LEE, to an award of exemplary and punitive damages as to Defendants DOE
15 OFFICERS.

16     104.   As a result of their misconduct, Defendants DOE OFFICERS are liable
17 for ERIK LEE'S injuries, either because they were integral participants in the battery,
18 or because they failed to intervene to prevent these violations.

19     105.   Plaintiffs bring this claim as successors-in-interest to ERIK LEE, and
20 seek wrongful death damages under this claim.  Plaintiffs also seek punitive damages.

21

22              **TENTH CLAIM FOR RELIEF**

23              **Negligence** (Wrongful Death)

24   (All Plaintiffs against Defendants DOE OFFICERS, and ORANGE vicariously)

25     106.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
26 through 105 of this Complaint with the same force and effect as if fully set forth
27 herein.

28

107.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

108.   Defendants DOE OFFICERS breached this duty of care.  Upon information and belief, the actions and inactions of Defendants DOE OFFICERS were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against ERIK LEE;

(b)   the negligent tactics and handling of the situation with ERIK LEE, including pre-shooting negligence;

(c)   the negligent detention, arrest, and use of force, including deadly force, against ERIK LEE;

(d)   the failure to provide prompt medical care to ERIK LEE;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including Defendants DOE OFFICERS;

(f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of ERIK LEE;

(g)   the negligent handling of evidence and witnesses;

(h)   the negligent communication of information during the incident;

(i)   the failure to properly train Defendants DOE OFFICERS with regard to handling situations such as the present case.

109.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, ERIK LEE was caused to suffer severe pain and suffering and ultimately died.  Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-

-21-

long love, companionship, comfort, support, society, care and sustenance of ERIK LEE, their son, and will continue to be so deprived for the remainder of their natural lives.

110.  ORANGE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

111.  As a result of their misconduct, Defendants DOE OFFICERS are liable for ERIK LEE'S injuries, either because they were integral participants in their negligence, or because they failed to intervene to prevent these violations.

112.  Plaintiffs bring this claim as successors-in-interest to ERIK LEE, and seek wrongful death damages under this claim.

## ELEVENTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

(Plaintiff HENRY LEE against Defendants DOE OFFICERS, and ORANGE vicariously)

113.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 112 of this Complaint with the same force and effect as if fully set forth herein.

114.  Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

115.  Defendants DOE OFFICERS breached this duty of care.  Upon information and belief, the actions and inactions of Defendants DOE OFFICERS were negligent and reckless.

116.   Defendants DOE OFFICERS negligently caused physical injury to ERIK LEE when they discharged their firearms at ERIK LEE, striking him multiple times.  The use of force, including deadly force, by Defendants DOE OFFICERS was excessive, unreasonable, and Defendants DOE OFFICERS were negligent when they discharged their firearms at ERIK LEE, including pre-shooting negligent conduct, actions, inactions, and tactics, and their post-shooting negligent conduct, actions and inactions.

117.   HENRY LEE was present at the scene, which is at his residence which he shared with ERIK LEE, when Defendants DOE OFFICERS discharged their firearms at ERIK LEE.

118.   HENRY LEE was aware that ERIK LEE was being injured and shot.

119.   As a result of having lethal force unreasonably fired at ERIK LEE, and HENRY LEE being present at the scene and seeing their only son being shot repeatedly by Defendants DOE OFFICERS, HENRY LEE suffered and continues to suffer severe emotional distress.

120.   On information and belief, an ordinary reasonable person would be unable to cope with seeing their loved one shot repeatedly, especially at their own residence which they shared.

121.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, ERIK LEE was caused to suffer severe pain and suffering and ultimately died.  Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.  Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of ERIK LEE, his son, and will continue to be so deprived for the remainder of his natural life.

122.   ORANGE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within

1  the scope of the employment if the employee's act would subject him or her to

2  liability.

3      123.   As a result of their misconduct, Defendants DOE OFFICERS are liable

4  for ERIK LEE'S injuries, either because they were integral participants in their

5  negligence, or because they failed to intervene to prevent these violations.

6      124.   HENRY LEE seeks individual damages under this claim.

7

8                    **TWELFTH CLAIM FOR RELIEF**

9            **Bane Act (Violation of Cal. Civil Code § 52.1)**

10                 (All Plaintiffs against all Defendants)

11     125.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

12  through 124 of this Complaint with the same force and effect as if fully set forth

13  herein.

14     126.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person

15  from using or attempting to use violent acts, threat, intimidation, or coercion to

16  interfere with the exercise or enjoyment by any individuals rights secured by the

17  Constitution or laws of the United States, or of the rights secured by the Constitution

18  or laws of this state in retaliation against another person for exercising that person's

19  constitutional rights.

20     127.   On information and belief, Defendants DOE OFFICERS, while working

21  for ORANGE and acting within the course and scope of their duties, intentionally

22  committed and attempted to commit acts of violence against ERIK LEE, including by

23  shooting him without justification or excuse, by integrally participating and failing to

24  intervene in the above violence, and by denying him necessary medical care.

25     128.   When Defendants used excessive and unreasonable force against ERIK

26  LEE, they intentionally interfered with his civil rights to be free from excessive force,

27  and to timely medical care.

28

129.   Further, the Defendants used excessive and unreasonable force in violation of the Constitution with intent to deprive ERIK LEE of his Constitutional rights to be free from excessive force.

130.   On information and belief, Defendants intentionally violated ERIK LEE'S rights to be free from excessive force by demonstrating reckless disregard for his rights when Defendants DOE OFFICERS shot and killed ERIK LEE.

131.   Defendants intentionally interfered with the above civil rights of ERIK LEE and Plaintiffs.

132.   The conduct of Defendants was a substantial factor in causing ERIK LEE'S and Plaintiffs' harms, losses, injuries, and damages.

133.   ORANGE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

134.   Defendants DOES 8-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

135.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for ERIK LEE'S and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

136.   Plaintiffs bring this claim as successors-in-interest to ERIK LEE, and seek survival and wrongful death damages under this claim.  Plaintiffs also seek punitive and treble damages as well as attorneys' fees under this claim.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs HENRY LEE and PATRICIA LEE request entry of judgment in their favor and against Defendants City of ORANGE, ORANGE Police Department Officers, and DOES 1-10, inclusive, as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.    For funeral and burial expenses;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, and treble damages, including litigation expenses;

G.    For costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:    July 27, 2020        LAW OFFICES OF DALE K. GALIPO

By:     */s/ Dale K. Galipo*

Dale K. Galipo

Marcel F. Sincich

*Attorneys for Plaintiffs*

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiffs hereby demand a trial by jury.

3

4 DATED:     July 27, 2020       LAW OFFICES OF DALE K. GALIPO

5

6         By:      */s/ Dale K. Galipo*

7            Dale K. Galipo

8            Marcel F. Sincich

9            *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28