1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
  *dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (SBN 319508)
  *msincich@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

*Attorneys for Plaintiffs*, HENRY LEE and PATRICIA LEE


Mildred K. O'Linn (State Bar No. 159055)
  *mko@manningllp.com*
G. Craig Smith (State Bar No. 265676)
  *gcs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
CITY OF ORANGE, BRYCE NEILSEN,
MICHAEL SLAUGHTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LEE; and PATRICIA LEE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ORANGE; BRYCE NEILSEN; MICHAEL SLAUGHTER; and DOES 3-10, inclusive,<br><br>Defendants. | CASE No.: **8:20-cv-01359-JVS-ADS**<br><br>[*Honorable James V. Selna*]<br>Magistrate Judge Autumn D. Spaeth<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Scheduling Conference**<br>Date: Monday, November 2, 2020<br>Time: 10:30 a.m.<br>Ctrm: 10C<br>    411 West Fourth Street<br>    Santa Ana, CA 92701 |

1

1   **I.      PURPOSES AND LIMITATIONS**

2           A.      Discovery in this action is likely to involve production of

3   confidential, proprietary, or private information for which special protection from

4   public disclosure and from use for any purpose other than prosecuting this

5   litigation may be warranted.  Accordingly, the parties hereby stipulate to and

6   petition the Court to enter the following Stipulated Protective Order.  The parties

7   acknowledge that this Order does not confer blanket protections on all disclosures

8   or responses to discovery and that the protection it affords from public disclosure

9   and use extends only to the limited information or items that are entitled to

10  confidential treatment under the applicable legal principles.  The parties further

11  acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective

12  Order does not entitle them to file confidential information under seal; Civil Local

13  Rule 79-5 sets forth the procedures that must be followed and the standards that

14  will be applied when a party seeks permission from the Court to file material

15  under seal.

16  **II.     GOOD CAUSE STATEMENT**

17          This action involves the officer-involved shooting of Erik Lee on December

18  12, 2019.  Following the shooting, the OCDA Special Assignment Unit

19  ("OCDASAU") conducted an investigation into the shooting.  During the course

20  of this investigation, 10 interviews were conducted, and nine additional witnesses

21  were contacted during the supplemental canvass interviews.  OCDASAU

22  Investigators also obtained and reviewed the following: Orange Police

23  Department reports, audio dispatch and radio traffic recordings, video footage,

24  Orange County Crime Laboratory (OCCL) reports; including toxicology, forensic

25  alcohol examination, taser deployment analysis, officer processing and firearms

26  examination reports, crime scene investigation photographs, medical records and

27  photographs related to the injuries sustained by Lee, criminal history records

28  related to Lee; including prior incident reports involving Lee's mental health, and

STIPULATED PROTECTIVE ORDER

1  other relevant reports and materials including audio recordings of the conducted

2  neighborhood canvass.  Additionally, video recordings of the incident taken from

3  the patrol cars on scene were reviewed.

4  Other law enforcement agencies, including the defendant City of Orange's

5  Police Department, may also have performed some aspects of this investigation or

6  have performed related investigations that may involve officer personnel records

7  or other confidential information.  Special protection of these documents from

8  public disclosure and from use for any purpose other than the prosecution,

9  defense, and attempted settlement of this action is warranted.  Public disclosures

10  of such confidential and proprietary materials and information, information

11  otherwise generally unavailable to the public, may be privileged or otherwise

12  protected from disclosure under state or federal statutes, court rules, case

13  decisions, or common law.  Accordingly, to expedite the flow of information, to

14  facilitate the prompt resolution of disputes over confidentiality of discovery

15  materials, to adequately protect information the parties are entitled to keep

16  confidential, to ensure that the parties are permitted reasonable necessary uses of

17  such material in preparation for and in the conduct of trial, to address their

18  handling at the end of the litigation, and serve the ends of justice, a protective

19  order for such information is justified in this matter.  It is the intent of the parties

20  that information will not be designated as confidential for tactical reasons and that

21  nothing be so designated without a good faith belief that it has been maintained in

22  a confidential, non-public manner, and there is good cause why it should not be

23  part of the public record of this case.

24

25  **III.   DEFINITIONS**

26  A.   Action:  This pending federal law suit.

27  B.   Challenging Party:  A Party or Non-Party that challenges the

28  designation of information or items under this Order.

C.     "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.     House Counsel:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.     Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.     Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4

STIPULATED PROTECTIVE ORDER

L.      Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.      Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.      Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.      Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.    SCOPE**

A.      The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.      Any use of Protected Material at trial shall be governed by the orders of      the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

STIPULATED PROTECTIVE ORDER

## VI.   DESIGNATING PROTECTED MATERIAL

A.   Exercise of Restraint and Care in Designating Material for Protection

1.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.   Manner and Timing of Designations

1.   Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.   Designation in conformity with this Order requires the following:

a.   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend

1    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

2    contains protected material.  If only a portion or portions of the material on a page

3    qualifies for protection, the Producing Party also must clearly identify the

4    protected portion(s) (e.g., by making appropriate markings in the margins).

5              b.      A Party or Non-Party that makes original documents

6    available for inspection need not designate them for protection until after the

7    inspecting Party has indicated which documents it would like copied and

8    produced.  During the inspection and before the designation, all of the material

9    made available for inspection shall be deemed "CONFIDENTIAL."  After the

10   inspecting Party has identified the documents it wants copied and produced, the

11   Producing Party must determine which documents, or portions thereof, qualify for

12   protection under this Order.  Then, before producing the specified documents, the

13   Producing Party must affix the "CONFIDENTIAL legend" to each page that

14   contains Protected Material.  If only a portion or portions of the material on a page

15   qualifies for protection, the Producing Party also must clearly identify the

16   protected portion(s) (e.g., by making appropriate markings in the margins).

17             c.      For testimony given in depositions, that the Designating

18   Party identify the Disclosure or Discovery Material on the record, before the close

19   of the deposition all protected testimony.

20             d.      For information produced in form other than document

21   and for any other tangible items, that the Producing Party affix in a prominent

22   place on the exterior of the container or containers in which the information is

23   stored the legend "CONFIDENTIAL."  If only a portion or portions of the

24   information warrants protection, the Producing Party, to the extent practicable,

25   shall identify the protected portion(s).

26       C.    Inadvertent Failure to Designate

27             1.      If timely corrected, an inadvertent failure to designate qualified

28   information or items does not, standing alone, waive the Designating Party's right

STIPULATED PROTECTIVE ORDER

1  to secure protection under this Order for such material.  Upon timely correction of

2  a designation, the Receiving Party must make reasonable efforts to assure that the

3  material is treated in accordance with the provisions of this Order.

4  **VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5       A.    Timing of Challenges

6          1.    Any party or Non-Party may challenge a designation of

7  confidentiality at any time that is consistent with the Court's Scheduling

8  Order.

9       B.    Meet and Confer

10          1.    The Challenging Party shall initiate the dispute resolution

11  process under Local Rule 37.1 et seq.

12       C.    The burden of persuasion in any such challenge proceeding shall be

13  on the Designating Party.  Frivolous challenges, and those made for an improper

14  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

15  parties) may expose the Challenging Party to sanctions.  Unless the Designating

16  Party has waived or withdrawn the confidentiality designation, all parties shall

17  continue to afford the material in question the level of protection to which it is

18  entitled under the Producing Party's designation until the Court rules on the

19  challenge.

20  **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

21       A.    Basic Principles

22          1.    A Receiving Party may use Protected Material that is disclosed

23  or produced by another Party or by a Non-Party in connection with this Action

24  only for prosecuting, defending, or attempting to settle this Action.  Such

25  Protected Material may be disclosed only to the categories of persons and under

26  the conditions described in this Order.  When the Action has been terminated, a

27  Receiving Party must comply with the provisions of Section XIV below.

28

1        2.     Protected Material must be stored and maintained by a

2  Receiving Party at a location and in a secure manner that ensures that access is

3  limited to the persons authorized under this Order.

4        B.     Disclosure of "CONFIDENTIAL" Information or Items

5        1.     Unless otherwise ordered by the Court or permitted in writing

6  by the Designating Party, a Receiving Party may disclose any information or item

7  designated "CONFIDENTIAL" only to:

8        a.     The Receiving Party's Outside Counsel of Record in this

9  Action, as well as employees of said Outside Counsel of Record to whom it is

10  reasonably necessary to disclose the information for this Action;

11        b.     The officers, directors, and employees (including House

12  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

13  this Action;

14        c.     Experts (as defined in this Order) of the Receiving Party

15  to whom disclosure is reasonably necessary for this Action and who have signed

16  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17        d.     The Court and its personnel;

18        e.     Court reporters and their staff;

19        f.     Professional jury or trial consultants, mock jurors, and

20  Professional Vendors to whom disclosure is reasonably necessary or this Action

21  and who have signed the "Acknowledgment and Agreement to be Bound"

22  attached as Exhibit A hereto;

23        g.     The author or recipient of a document containing the

24  information or a custodian or other person who otherwise possessed or knew the

25  information;

26        h.     During their depositions, witnesses, and attorneys for

27  witnesses, in the Action to whom disclosure is reasonably necessary provided: (i)

28  the deposing party requests that the witness sign the "Acknowledgment and

1   Agreement to Be Bound;" and (ii) they will not be permitted to keep any

2   confidential information unless they sign the "Acknowledgment and Agreement to

3   Be Bound," unless otherwise agreed by the Designating Party or ordered by the

4   Court.  Pages of transcribed deposition testimony or exhibits to depositions that

5   reveal Protected Material may be separately bound by the court reporter and may

6   not be disclosed to anyone except as permitted under this Stipulated Protective

7   Order; and

8                        i.      Any mediator or settlement officer, and their supporting

9   personnel, mutually agreed upon by any of the parties engaged in settlement

10  discussions.

11

12  / / /

13  **IX.    PROTECTED MATERIAL SUPOENAED OR ORDERED**

14  **PRODUCED IN OTHER LITIGATION**

15         A.      If a Party is served with a subpoena or a court order issued in other

16  litigation that compels disclosure of any information or items designated in this

17  Action as "CONFIDENTIAL," that Party must:

18              1.      Promptly notify in writing the Designating Party.  Such

19  notification shall include a copy of the subpoena or court order;

20              2.      Promptly notify in writing the party who caused the subpoena

21  or order to issue in the other litigation that some or all of the material covered by

22  the subpoena or order is subject to this Protective Order.  Such notification shall

23  include a copy of this Stipulated Protective Order; and

24              3.      Cooperate with respect to all reasonable procedures sought to

25  be pursued by the Designating Party whose Protected Material may be affected.

26         B.      If the Designating Party timely seeks a protective order, the Party

27  served with the subpoena or court order shall not produce any information

28  designated in this action as "CONFIDENTIAL" before a determination by the

STIPULATED PROTECTIVE ORDER

1  Court from which the subpoena or order issued, unless the Party has obtained the

2  Designating Party's permission.  The Designating Party shall bear the burden and

3  expense of seeking protection in that court of its confidential material and nothing

4  in these provisions should be construed as authorizing or encouraging a Receiving

5  Party in this Action to disobey a lawful directive from another court.

6  **X.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

7  **PRODUCED IN THIS LITIGATION**

8          A.      The terms of this Order are applicable to information produced by a

9  Non-Party in this Action and designated as "CONFIDENTIAL."  Such

10  information produced by Non-Parties in connection with this litigation is protected

11  by the remedies and relief provided by this Order.  Nothing in these provisions

12  should be construed as prohibiting a Non-Party from seeking additional

13  protections.

14          B.      In the event that a Party is required, by a valid discovery request, to

15  produce a Non-Party's confidential information in its possession, and the Party is

16  subject to an agreement with the Non-Party not to produce the Non-Party's

17  confidential information, then the Party shall:

18                  1.      Promptly notify in writing the Requesting Party and the Non-

19  Party that some or all of the information requested is subject to a confidentiality

20  agreement with a Non-Party;

21                  2.      Promptly provide the Non-Party with a copy of the Stipulated

22  Protective Order in this Action, the relevant discovery request(s), and a reasonably

23  specific description of the information requested; and

24                  3.      Make the information requested available for inspection by the

25  Non-Party, if requested.

26          C.      If the Non-Party fails to  seek a protective order from this court

27  within 14 days of receiving the notice and accompanying information, the

28  Receiving Party may produce the Non-Party's confidential information responsive

1    to the discovery request.  If the Non-Party timely seeks a protective order, the

2    Receiving Party shall not produce any information in its possession or control that

3    is subject to the confidentiality agreement with the Non-Party before a

4    determination by the court.  Absent a court order to the contrary, the Non-Party

5    shall bear the burden and expense of seeking protection in this court of its

6    Protected Material.

7    **XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8          A.      If a Receiving Party learns that, by inadvertence or otherwise, it has

9    disclosed Protected Material to any person or in any circumstance not authorized

10   under this Stipulated Protective Order, the Receiving Party must immediately (1)

11   notify in writing the Designating Party of the unauthorized disclosures, (2) use its

12   best efforts to retrieve all unauthorized copies of the Protected Material, (3)

13   inform the person or persons to whom unauthorized disclosures were made of all

14   the terms of this Order, and (4) request such person or persons to execute the

15   "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit

16   A.

17   **XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR**

18   **OTHERWISE PROTECTED MATERIAL**

19         A.      When a Producing Party gives notice to Receiving Parties that certain

20   inadvertently produced material is subject to a claim of privilege or other

21   protection, the obligations of the Receiving Parties are those set forth in Federal

22   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

23   whatever procedure may be established in an e-discovery order that provides for

24   production without prior privilege review.  Pursuant to Federal Rule of Evidence

25   502(d) and (e), insofar as the parties reach an agreement on the effect of

26   disclosure of a communication or information covered by the attorney-client

27   privilege or work product protection, the parties may incorporate their agreement

28   in the Stipulated Protective Order submitted to the Court.

STIPULATED PROTECTIVE ORDER

**XIII.  MISCELLANEOUS**

      A.     Right to Further Relief

          1.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      B.     Right to Assert Other Objections

          1.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      C.     Filing Protected Material

          1.     A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**XIV.  FINAL DISPOSITION**

      A.     After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.	Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /

/ / /

/ / /

/ / /

STIPULATED PROTECTIVE ORDER

1

2

3    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

4

5

6    Dated:  October 27, 2020          **LAW OFFICES OF DALE K. GALIPO**

7

8                                      By: _____/s/ Marcel F. Sincich_____
                                       Dale K. Galipo
9                                      Marcel F. Sincich
                                       *Attorney for Plaintiffs*, HENRY LEE and
10                                     PATRICIA LEE

11

12   Dated:  October 27, 2020          **MANNING & KASS, ELLROD,**
                                       **RAMIREZ, TRESTER LLP**
13

14
                                       By: _____/s/ G. Craig Smith_____
15                                     Mildred K. O'Linn
                                       G. Craig Smith
16                                     *Attorneys for Defendants*, CITY OF
                                       ORANGE, BRYCE NIELSEN,
17                                     MICHAEL SLAUGHTER

18

19

20   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

21

22
     Dated: October 27, 2020                /s/ Autumn D. Spaeth
23                                     HONORABLE AUTUMN D. SPAETH
                                       United States Magistrate Judge
24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1
2

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3          I, _____ [print or type full name], of _____

4    _____ [print or type full address], declare under penalty of perjury that I have read in

5    its entirety and understand the Stipulated Protective Order that was issue by the United States

6    District Court for the Central District of California on October 23, 2020 in the case of *Lee, et al*

7
8    *v. City of Orange, et al.*, Case No.  8:20-cv-01359-JVS-ADS.  I agree to comply with and to be

9    bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

10   that failure to so comply could expose me to sanctions and punishment in the nature of

11   contempt.  I solemnly promise that I will not disclose in any manner any information or item

12   that is subject to this Stipulated Protective Order to any person or entity except in strict

13   compliance with the provisions of this Order.

14
15          I further agree to submit to the jurisdiction of the United States District Court for the

16   Central District of California for the purpose of enforcing the terms of this Stipulated Protective

17   Order, even if such enforcement proceedings occur after termination of this action.  I hereby

18   appoint _____ [print or type full name] of _____

19   _____ [print or type full address and telephone number] as my California agent for

20   service of process in connection with this action or any proceedings related to enforcement of

21   this Stipulated Protective Order.

22   Date: _____
23
24   City and State where sworn and signed: _____

25   Printed Name: _____

26   Signature: _____

27
28

16

STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 19800 MacArthur Blvd, Suite 900, Irvine, CA 92612.

On October 26, 2020, I served true copies of the following document(s) described as **STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

Dale K Galipo
Marcel F Sincich
LAW OFFICES OF DALE GALIPO
21800 Burbank Boulevard Suite 310
Woodland Hills, CA 91367-6479
Tel:  818-347-3333
Fax: 818-347-4118
dalekgalipo@yahoo.com;
msincich@galipolaw.com

*Attorneys for Plaintiffs, Henry Lee and*
*Patricia Lee*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address dfe@manningllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 26, 2020, at Irvine, California.


            /s/ Diane Esparza
            Diane Esparza

17
STIPULATED PROTECTIVE ORDER